UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-cr-00061-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | SENTENCING MEMORANDUM |
| | ) | |
| DONNA MAWHORTER, | ) | |
| Defendant. | ) | |

NOW COMES the Defendant, Donna Mawhorter, by and through undersigned counsel and respectfully submits the following memorandum in support of a sentence below the advisory guideline range found in Defendant's pre-sentence report. Mawhorter pled guilty to Conspiracy to Commit Mail, Wire and Bank Fraud on May 7, 2014.

## NATURE OF THE OFFENSE

In 2005, Donna Mawhorter had been a loan officer in the mortgage industry for thirty five years when she was approached by Triple R Construction with a proposal. Mawhorter was told by Triple R Construction that they would show her how to become a builder, if Mawhorter would obtain a contractor's license and allow Triple R to use that license to build homes. Mawhorter jumped at the opportunity to do something new and soon obtained a contractor's license. Before long Mawhorter had her own company, Brie Builders, and was building small homes in Durham and Raleigh. Mawhorter had never built homes before and had to learn on the job. This proved extremely difficult. Mawhorter soon realized that if she gave a "kickback" to a buyer after the closing, she would have less difficulty getting her houses sold. Mawhorter rationalized the kickback scheme and convinced herself that she wasn't hurting the banks and she was actually helping the buyers secure a second mortgage that they didn't have to make payments on. Of

course, such a kickback was not included on the HUD statement that was provided the lender at closing, and accordingly, the kickback was properly considered to be mortgage fraud. This was the extent of Defendant's involvement in this conspiracy.

## DEFENDANT'S HISTORY & CHARACTERISTICS

As noted in the pre-sentence report, Donna Mawhorter is a 61 year old grandmother with no criminal record whatsoever. Mawhorter was a struggling single mom most of her adult life, and she has experienced three failed marriages. Mawhorter has always worked and paid her taxes. She was a productive, law abiding citizen before and after the current offense. The submitted character letters indicate how much she is loved and respected by her children and others. Mawhorter is a kind, hard working lady and not your typical criminal defendant. She absolutely accepts complete responsibility for her wrongdoing.

Currently, Mawhorter's net worth is negative. She never got rich building homes, quite the opposite. She eventually lost everything and filed for bankruptcy.

## AGGRAVATING ROLE ADJUSTMENT SHOULD BE 2 LEVELS–NOT 4 LEVELS

In the Pre-Sentence Report, Probation argues that the Defendant should be given a four level enhancement for acting as an organizer or leader. It is the Defendant's and the Government's position that a two level enhancement is more appropriate in this case.

The four level enhancement should be reserved for defendants who are clearly leaders or organizers.

It seems obvious that Mawhorter was not a "kingpin" or a "boss." All of the evidence indicates that Mawhorter had very limited decision-making authority. There is nothing that suggests that Mawhorter had any influence whatsoever over the co-conspirators in this case. Her

2

role was limited to the building and sale of a small number of homes in comparison to the co-conspirators. There is no evidence that she had any knowledge or understanding of the criminal enterprise undertaken by the co-defendants.

The commentary background to §3B1.1 adds some insight into what the thinking was behind this enhancement. It states that the adjustment is included primarily because of concerns about relative responsibility.

Mawhorter's role and her relative responsibility in this conspiracy was extremely limited. Mawhorter had never bought or sold homes before. Mawhorter admits that she gave kickbacks to several buyers. This, however, was the extent of her involvement in this scheme. She did not pay her buyer's down payments (almost all of her buyers qualified for 100% financing, no money down loans, so there was no down payment). Mawhorter never told a buyer that they would not have to make mortgage payments.

The commentary background also notes that this enhancement contemplates that persons who exercise a supervisory or managerial role in the commission of an offense tend to profit more from it, and present a greater danger to the public and are more likely to recidivate.

There is no evidence that Mawhorter made any significant profits while building and selling homes; to the contrary, the evidence shows that she lost money. As for the likelihood of recidivating, Mawhorter is 61 years old and will soon be receiving social security and retirement benefits. She is a doting grandmother who worries about her family. She has no prior criminal record whatsoever. Of all the co-Defendants, it appears that Mawhorter may well be the least culpable. Prior to her involvement in this, Mawhorter was a loan officer who was well-regarded in the industry. Having never been in trouble before, the reality of the criminal justice system has

3

Case 5:14-cr-00061-D   Document 34   Filed 12/12/14   Page 3 of 5

been an eye-opening experience for her. Taking all of this into consideration, the likelihood that she could reoffend would have to be considered extremely low.

The Commission's intent with this adjustment was that it should increase with both the size of the organization and the degree of defendant's responsibility. The conspiracy at hand did include several participants, however, Mawhorter's role and her involvement with the co-conspirators was extremely limited, and therefore her degree of responsibility was extremely limited as well. Accordingly, a four level enhancement here is misplaced.

## CONCLUSION

WHEREFORE, Defendant Donna Mawhorter respectfully submits this Sentencing Memorandum and enclosed character letters to the Court for consideration in determining an appropriate sentence in this matter and respectfully requests this Court to impose a sentence sufficient, but not greater then necessary, to meet the sentencing purposes as defined in 18 U.S.C. §3553(a).

Respectfully submitted this the 12th day of December, 2014.

/s/ Curtis R. High
Curtis R. High
Attorney for Defendant
P.O. Box 746
Raleigh, North Carolina 27602
Phone: (919) 828-7626
Fax: (919) 828-5608
Email: curtishigh@gmail.com
N.C. Bar # 21118

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

    William M. Gilmore
    Assistant United States Attorney
    Suite 800, Federal Building
    310 New Bern Avenue
    Raleigh, NC 27601-1461

by electronically filing the foregoing with the Clerk of Court on this day using the CM/ECF system which will send notification of such filing to the above.

This the 12th day of December, 2014.

    /s/ Curtis R. High
    Curtis R. High
    Attorney for Defendant
    P.O. Box 746
    Raleigh, North Carolina 27602
    Phone: (919) 828-7626
    Fax: (919) 828-5608
    Email: curtishigh@gmail.com
    N.C. Bar # 21118

.
.
.

5

Case 5:14-cr-00061-D   Document 34   Filed 12/12/14   Page 5 of 5