IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-61-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DONNA MAWHORTER, ) | |
| ) | |
| Defendant. ) | |

On March 26, 2015, defendant filed a pro se motion asking the court to modify her restitution payments to $25 per quarter. See [D.E. 40]. This court's judgment, however, directed defendant to pay her special assessment and restitution through the Inmate Financial Responsibility Program and ordered that defendant pay a minimum of $25 per quarter. See [D.E. 37] 6. To the extent that defendant contends that the Bureau of Prisons ("BOP") is unfairly seeking payments of more than $25 per quarter, defendant needs to exhaust her administrative remedies within the BOP. See, e.g., United States v. McCoy, 583 F. App'x 104, 104 (4th Cir. 2014) (per curiam) (unpublished) (motion to modify restitution payments must be brought in a petition under 28 U.S.C. § 2241); United States v. Diggs, 578 F.3d 318, 319–20 (5th Cir. 2009) (challenges to restitution payments "must be brought under [section] 2241 after all administrative remedies have been exhausted"); Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) (per curiam) (unpublished); United States v. Hammerberg, No. 5:13-CR-145-FL-1, 2014 WL 2768657, at *2 (E.D.N.C. June 18, 2014) (unpublished). The motion [D.E. 40] is DISMISSED for failure to exhaust administrative remedies.

SO ORDERED. This 17 day of June 2015.

JAMES C. DEVER III
Chief United States District Judge